Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Chandulal Dhanani,** and<br>**Hemlataben C. Dhanani;**<br><br>    Plaintiffs,<br><br>v.<br><br>**CitiBank (South Dakota), N.A.;**<br>**Experian Information Solutions, Inc.;**<br><br>    Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiffs, Chandulal Dhanani and Hemlataben Dhanani, by and through counsel

undersigned and in good faith, allege as follows:

## I. PRELIMINARY STATEMENT

1.     Plaintiffs bring this action for damages based upon Defendant CitiBank's

violations of the Truth in Lending Act 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and

Federal Reserve Board Regulation Z, 12 C.F.R. §226, promulgated pursuant

thereto, and both Defendants' violations of the Fair Credit Reporting Act 15

1   U.S.C. §§ 1681 *et seq*. ("FCRA").  Plaintiffs seek an award of statutory damages,

2   actual damages, punitive damages, costs and attorney's fees.

3   ## II.  JURISDICTION

4   2.   Jurisdiction of this Court over this action and the parties herein arises under 15

5   U.S.C. §1640(e) (TILA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. §§ 1331 and

6   1337.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs'

7   claims arose from acts of the Defendants perpetrated therein.

8   ## III.  PARTIES

9   3.   Plaintiffs are citizens of Maricopa County, Arizona.

10   4.   Defendant CitiBank (South Dakota), N.A. is a Delaware corporation that

11   regularly extended or offered to extend consumer credit for which a finance

12   charge is or may be imposed or which, by written agreement, is payable in more

13   than four installments, and is the person to whom the transaction which is the

14   subject of this action is initially payable, making defendant a creditor within the

15   meaning of TILA, 15 U.S.C. §1602(f) and Regulation Z § 226.2(a)(17).

16   5.   CitiBank is a "person" as defined by FCRA § 1681a(b).

17   6.   CitiBank is a "furnisher" of information as contemplated by FCRA § 1681s-2(a)

18   and (b), who regularly and in the ordinary course of business furnishes

19   information to one or more consumer reporting agency about consumer

20   transactions or experiences with any consumer.

21   7.   Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio

22   corporation conducting business within the state of Arizona.

23   8.   Experian is both a "person" and a "consumer reporting agency" as those terms are

24   defined and contemplated under the FCRA.

25

# IV.  FACTUAL ALLEGATIONS

9.   In 1990, Plaintiffs opened a credit card account with CitiBank.

10.  Since 1990, Plaintiffs have never defaulted or missed a payment to CitiBank on the account.

11.  In the summer of 2007, Plaintiffs inquired about purchasing carpet from Georgia Wholesale Carpets & Mills of Dalton, Georgia.

12.  Plaintiffs had previously purchased carpet through Geogia Wholesale in 2006.

13.  Plaintiffs received a sample from Geogia Wholesale, but did not like the quality fo the carpet or higher prices.

14.  Plaintiffs chose to purchase carpet from another company.

15.  Unbeknownst to Plaintiffs, and without their permission or authorization, Geogia Wholesale submitted seven fraudulent charges to Plaintiffs' Citibank account totaling $42,792.80.

16.  Shortly thereafter, on August 20, 2007, Geogia Wholesale filed Chapter 7 Bankruptcy.

17.  Plaintiffs contacted CitiBank concerning the fraudulent charges made on their account and requested that the account be immediately closed due to fraud.

18.  On July 24, 2007, CitiBank sent Plaintiffs a letter stating that the account had been closed, and asked Plaintiffs to forward the enclosed Affidavit of Unauthorized Use to CitiBank in order to assist it with its investigation of the fraudulent charges.

19.  On August 6, 2007, Plaintiffs responded to CitiBank's request and sent CitiBank the completed affidavit.

20.  The Georgia Wholesale charges were subsequently removed from Plaintiffs' CitiBank billing statement covering July 31 through August 29, 2007.

- 3 -

21.   On September 12, 2007, CitiBank sent Plaintiffs a letter requesting that they sign the enclosed statement that they did not make the charges or authorized anyone else to make the charges to the CitiBank account.

22.   Plaintiff Chandulal signed the letter and statement, and returned it to CitiBank as requested.

23.   However, despite Plaintiffs' disputes and furnishing the affidavits and statements, the CitiBank statement for September 28 through October 29, 2007 showed that six of the Geogia Wholesale charges totaling $42,692.80 were put back on Plaintiffs' account.

24.   CitiBank sent Plaintiffs copies of the documentation it had received from Georgia Wholesale purportedly showing that Plaintiffs had made the purchases charged to the CitiBank account.

25.   The alleged invoices produced by Georgia Wholesale contain several squiggles which it and CitiBank claim to be the signature of Chandulal Dhanani.

26.   The squiggles produced by Georgia Wholesale and sent to Plaintiffs by CitiBank do not even remotely match Plaintiffs' signatures produced to CitiBank.

27.   On November 19, 2007, Plaintiffs sent a letter through their attorney to CitiBank again disputing the charges and requesting that CitiBank take the charges off their account.

28.   CitiBank refused to delete the charges.

29.   Because of the disputed charges, Plaintiffs refused to pay CitiBank the claimed balance on their account.

30.   Despite the disputes by Plaintiffs, CitiBank chose to report the account to Plaintiffs' credit bureaus reflecting a balance owing of $42,711, and reporting a derogatory payment history.

- 4 -

31.   On or about April 15, 2008, Plaintiff Chandulal received notice from one of his other credit card companies that had been denied a credit increase due to derogatory information reported on his Experian credit report.

32.   Chandulal requested and received a copy of his Experian credit report dated April 30, 2008.

33.   The April 30, 2008 report showed only one derogatory item which was the CitiBank account.

34.   CitiBank was reporting a balance owed of $42,711, and that the account was 150 days past due as of April 2008.

35.   Chandulal sent a dispute to Experian which it received on May 12, 2008.

36.   Included in Chandulal's dispute to Experian were copies of the letter from his attorney sent to CitiBank in November 2007, and copies of his disputes and affidavit sent to CitiBank in August and September 2007.

37.   Upon information and belief, Experian sent notice of Chandulal's dispute to CitiBank, but did not send any of the supporting documents Chandulal provided to Experian.

38.   On June 18, 2008, Chandulal received notice from Experian that the CitiBank account had been verified as accurate by CitiBank and Experian.

39.   On June 26, 2008, Plaintiffs both disputed the CitiBank account with Experian, again attaching copies of their attorney's letter and supporting documents showing the account was being reported incorrectly.

40.   Upon information and belief, Experian sent notice of Plaintiffs' dispute to CitiBank, but did not send any of the supporting documents Plaintiffs had provided to Experian.

41.   In the alternative, Experian did not contact CitiBank concerning Plaintiffs' June

1   26, 2008 disputes.

2   42.   On July 2, 2008, Chandulal received a response to his dispute from Experian

3         showing only that Experian had put a temporary fraud alert to his credit report,

4         but did not provide its response to Chandulal's dispute.

5   43.   The July 2, 2008 response did show that the CitiBank account had been verified

6         by Experian in May 2008.

7   44.   On July 31, 2008 Chandulal again sent a dispute of the CitiBank account to

8         Experian, attaching copies of his attorney's letter and supporting documents.

9   45.   No response has been received from Experian concerning this dispute.

10  46.   At no time did Plaintiffs ever authorized Georgia Wholesale to charge their

11        CitiBank account for $42,692.80.

12  47.   Plaintiffs never received services or products for the charges made by Georgia

13        Wholesale to their CitiBank account.

14  48.   Georgia Wholesale's charges to Plaintiffs' account were unauthorized by

15        Plaintiffs.

16  49.   CitiBank failed to comply with its reinvestigation obligations under TILA.

17  50.   CitiBank violated the TILA by failing remove this unauthorized charges from

18        Plaintiffs' account.

19  51.   CitiBank violated the FCRA by failing to conduct a reasonable investigation of

20        Plaintiffs' disputes received from the consumer reporting agencies.

21  52.   Experian violated the FCRA by failing to conduct a reasonable investigation of

22        Plaintiffs' disputes of the CitiBank account, and otherwise comport with the

23        requirements of the FCRA.

24  53.   The foregoing actions were undertaken by CitiBank intentionally, willfully, and in

25        gross or reckless disregard of the rights of Plaintiffs and as part of its persistent

1    and routine business practice.

2  54.  The foregoing actions were undertaken by CitiBank without regard to the identity

3    of Plaintiffs and without any individualized ill will towards them, but instead as

4    part of its persistent and routine business practice.

5  55.  In the alternative, CitiBank's actions as set forth above were negligent.

6  56.  Defendants have continued to report inaccurate, derogatory and improper

7    information and failed to retract, delete and/or suppress inaccurate, derogatory

8    and improper information about the Plaintiffs, as described more fully herein.

9  57.  As a result and proximate cause of Defendants' actions, Plaintiffs have suffered

10    actual damages, and continues to suffer damages.

11  **V.  CAUSES OF ACTION**

12  **a.  Truth In Lending Act**

13  58.  Plaintiffs repeat, re-allege, and incorporate by reference the foregoing paragraphs.

14  59.  Defendant CitiBank's actions violate the TILA.

15  60.  As a direct result and proximate cause of Defendant CitiBank's violations of the

16    TILA, Plaintiffs have suffered actual damages for which it is liable.

17  **b.  Fair Credit Reporting Act**

18  61.  Plaintiffs repeat, re-allege, and incorporate by reference the foregoing paragraphs.

19  62.  Defendant CitiBank failed to conduct a reasonable investigation of Plaintiffs'

20    disputes received from the consumer reporting agencies, and otherwise failed to

21    comply with FCRA § 1681s-2(b).

22  63.  Defendant CitiBank has wilfully, or alternatively, negligently violated FCRA §

23    1681s-(b) on multiple occasions.

24  64.  As a result of Defendant CitiBank's actions, Plaintiffs have been damaged.

25  65.  Defendant Experian failed to conduct a reasonable investigation of Plaintiffs'

- 7 -

1    disputes, and otherwise failed to comport with FCRA § 1681i.

2    66.    Defendant Experian has continually added, stored, maintained and disseminated

3           personal and credit information, in consumer reports it prepared and issued, about

4           Plaintiffs which was inaccurate, false, erroneous and misleading despite notice

5           from Plaintiffs that such information was inaccurate.

6    67.    Defendant Experian has willfully, or alternatively, negligently, violated FCRA

7           §1681i.

8    68.    As a result of Defendant Experian's actions, Plaintiffs have been damaged.

9    69.    Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with

10          any requirement imposed under the FCRA with respect to any consumer is liable

11          to that consumer in an amount equal to the sum of (1) any actual damages

12          sustained by the consumer as a result of the failure and (2) in the case of any

13          successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the

14          action together with reasonable attorneys' fees.

15   70.    As a result of Defendants' negligent failure to comply with the FCRA,

16          Defendants are liable to Plaintiffs in an amount equal to the sum of (1) any actual

17          damages sustained by Plaintiffs as a result of said failure and (2) the costs of this

18          action together with reasonable attorneys' fees.

19   71.    Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any

20          requirement imposed under the FCRA with respect to any consumer is liable to

21          that consumer in an amount equal to the sum of (1) any actual damages sustained

22          by the consumer as a result of the failure or damages or not less than $100.00 and

23          not more than $1,000.00; (2) such amount of punitive damages as the court may

24          allow; and (3) in the case of any successful action to enforce any liability under 15

25          U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

72.    As a result of Defendants' willful failure to comply with the FCRA, Defendants are to Plaintiffs in an amount equal to the sum of (1) any actual damages sustained by Plaintiffs as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendants for:

a)    Statutory damages;

b)    Actual damages in an amount to be determined at trial;

c)    Punitive damages;

d)    Costs and reasonable attorney's fees; and

e)    Such other relief as may be just and proper.

DATED   August 26, 2008   .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs